Floersch v. Snavely.

---

No. 24,873.

J. B. Floersch et al., as Trustees, *Appellees,* v. E. B. Snavely et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Pleading and Practice—*District Court Procedure When Cause Remanded for Trial of Specific Issues.* Proper trial procedure outlined for a case in which the cause is remanded by this court to the district court for trial of an issue, or some of the issues, only, and not for a new trial generally.

2. Same. Various assignments of error considered, and held to be without substantial merit.

Appeal from Riley district court; Fred R. Smith, judge. Opinion filed January 12, 1924. Affirmed.

*A. E. Crane, B. F. Messick,* both of Topeka, and *Ira C. Snyder,* of Manhattan, for the appellants.

*R. P. Evans,* and *George Clammer,* both of Manhattan, for the appellees.

The opinion of the court was delivered by

Burch, J.: This is a second appeal. When the case was here before, it was remanded for trial of two issues of fact. (*Floersch v. Snavely,* 112 Kan. 210, 211 Pac. 605.) At the second trial these issues were determined adversely to defendants, who appeal.

The chief complaint of appellants is that the direction of this court limiting the new trial to stated issues was not observed. This is what should have occurred. The opening statements of counsel should have indicated briefly how the two questions of fact for trial arose, and then should have presented what counsel expected to prove respecting them. If the statements did not properly elim-

inate the nonessential and properly develop the essential, the court should have summarized the case up to the pending stage of the proceeding, so the jury would understand the two issues, and understand they were concerned with nothing else. The evidence and the instructions should then have been confined to the two issues. In this instance, the opening statements of counsel have not been preserved. The court, however, admitted evidence extraneous to the issues, as explanatory of the issues, refused an instruction that the only issues the jury were to determine were those specified by this court, and framed the instructions in the usual way, covering all the issues presented by the pleadings, and informing the jury plaintiffs must establish, by a preponderance of the evidence, all the material allegations contained in the petition.

This court is directed by statute to ignore irregularities in procedure which do not affect substantial rights, and the question is whether defendants were harmed by the method of trial.

The testimony admitted to develop the issues was not voluminous, and this court is unable to see that it could have confused or misled the jury. The issues to be determined were duly submitted to the jury, who were told specifically that, if plaintiffs prevented defendants from selling certificates by refusing to issue certificates when plaintiffs should have done so, or if plaintiffs prevented defendants from selling acreage by refusing to set an acreage price when plaintiffs should have done so, the verdict must be for defendants. Whatever the issues presented by the petition, these two, as stated in defendants' amended answer, were in fact fully tried, were clearly defined by the instructions, were covered in a general way by specific questions propounded to the jury, and were determined against defendants. This being true, this court is unable to say defendants were prejudiced because the trial was not simplified as it might have been.

There is nothing else of consequence in the case. Plaintiffs were not required to issue certificates of unit ownership in the syndicated tract, except to named purchasers of specified numbers of units, on payment of the proper amount of money. Defendants were actors. They were to sell units or acreage, or units and acreage, to the amount of $20,000 in 60 days, and confessedly did not do so. Their excuse was, plaintiffs were at fault. Manifestly, they could not impute fault to plaintiffs in not putting a price on acreage, without asking that the price be fixed. The measure of damages stated by

the court was that indicated by this court, limited, however, by the disclaimers, and the verdict was plainly the product of correct calculation based on instructions No. 7 and No. 8, read together. Complaint is made that the court instructed the jury on the subject of securing a permit to sell certificates. This subject was injected into the trial by defendants themselves.

The judgment of the district court is affirmed.